Vaughn A. Crawford
Nevada Bar No. 7665
Jay J. Schuttert
Nevada Bar No. 8656
Justin S. Hepworth
Nevada Bar No. 10080
SNELL & WILMER L.L.P.
3883 Howard Hughes Parkway, Suite 1100
Las Vegas, NV 89169
Telephone: (702)784-5200
Facsimile: (702)784-5252
Email: vcrawford@swlaw.com
Email: jschuttert@swlaw.com
Email: jcools@swlaw.com

Attorneys for Defendants
Zimmer Holdings, Inc., Zimmer, Inc., and
Zimmer Orthopaedic Surgical Products, Inc.

# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| JAMES MILLIGAN,<br><br>                     Plaintiff,<br><br>v.<br><br>ZIMMER HOLDINGS, INC., a foreign corporation; ZIMMER, INC., a foreign corporation; ZIMMER ORTHOPAEDIC SURGICAL PRODUCTS, INC., a foreign corporation; ABC CORPORATIONS I-X; and JOHN DOES I-X, inclusive,<br><br>                     Defendants. | Case No.: 3:12-cv-00518-LRH-WGC<br><br>**PROTECTIVE ORDER** |

    The parties have stipulated to the entry of this Protective Order in regard to certain discovery material to be made available by defendants Zimmer Holdings, Inc., Zimmer, Inc., and Zimmer Orthopaedic Surgical Products, Inc. (collectively, "Defendants"), to the plaintiff, James Milligan ("Plaintiff").  This discovery material could potentially include the following trade secrets and confidential, proprietary, and non-public documents and information, the public disclosure of that could be detrimental to the interests of Zimmer and/or related corporate entities; documents which may contain information that is personal and confidential to third parties,

16501005.2

1  including individuals; and documents and information that are subject to a claim of privilege or
2  immunity from discovery (including, but not limited to, attorney-client privilege, work product
3  immunity, and immunities created by federal or state statute or regulation).  The parties agree that
4  the above-described documents and information, including electronically stored information,
5  should be given the protection of an order of this Court to prevent irreparable harm through
6  disclosure to persons other than those persons involved in the prosecution or defense of this
7  litigation.

8  THEREFORE, FOR GOOD CAUSE SHOWN, IT IS HEREBY ORDERED,
9  ADJUDGED, and DECREED that the following Protective Order shall govern discovery in the
10 above-captioned matter, as follows:

11 1. The following definition shall apply to this Order:  A "stamped confidential
12 document" means any document, including any document produced electronically, that bears the
13 legend (or which shall otherwise have had the legend recorded upon it or upon the medium in
14 which it is produced, in a way that brings its attention to a reasonable examiner)
15 "CONFIDENTIAL" or "CONFIDENTIAL-SUBJECT TO PROTECTIVE ORDER" to signify
16 that it contains information subject to protection under Federal Rule of Civil Procedure
17 26(c)(1)(G), or federal or state statute or regulation.  For purposes of this Order, the term
18 "document" means all written, recorded, electronically stored, or graphic material produced or
19 created by a party or any other person, whether produced pursuant to the Federal Rules of Civil
20 Procedure, subpoena, by agreement, or otherwise.  Interrogatory answers, responses to requests
21 for admission, deposition transcripts and exhibits, pleadings, motions, affidavits, and briefs that
22 quote, summarize, or contain materials entitled to protection may be accorded status as stamped
23 confidential documents, but, to the extent feasible, shall be prepared in such a manner that
24 stamped confidential documents are bound separately from those not entitled to protection.

25 2. Stamped confidential documents and their contents, as well as copies, summaries,
26 notes, memoranda, and computer databases relating thereto, shall be and remain confidential, and
27 shall not be disclosed in any fashion, nor be used for any purpose other than the analysis and
28

Snell & Wilmer
L.L.P.
LAW OFFICES
3883 Howard Hughes Parkway, Suite 1100
Las Vegas, Nevada 89169
702.784.5200

16501005.2

1  preparation for trial of this action, except with the prior written consent of the party or other
2  person originally designating a document as a stamped confidential document, or as hereinafter
3  provided under this Order. Stamped confidential documents produced in electronic form shall not
4  be disclosed to anyone other than the person receiving the document.

5        3.    Notwithstanding paragraph 2, stamped confidential documents may be disclosed to
6  counsel of record for Plaintiff to this action who is actively engaged in the conduct of this
7  litigation; to the partners, associates, secretaries, paralegal assistants, and employees of such an
8  attorney to the extent reasonably necessary to render professional services in the litigation; to
9  persons with prior knowledge of the documents or the confidential information contained therein,
10 and their agents; and to court officials involved in this litigation (including court reporters,
11 persons operating video recording equipment at depositions, and any special master appointed by
12 the Court). Subject to the provisions of subparagraph 3(c), such documents may also be
13 disclosed:

14       a)    to any person designated by the Court in the interest of justice, upon such
15       terms as the Court may deem proper; and

16       b)    to persons noticed for depositions or designated as trial witnesses to the
17       extent reasonably necessary in preparing to testify and to outside consultants or experts
18       retained for the purpose of assisting counsel in the litigation, provided, however, that in all
19       such cases, except as noted in paragraph 3(c) below, the individual to whom disclosure is
20       to be made has signed and filed with the Court a Confidentiality Agreement, the form of
21       which is attached hereto as Exhibit A, containing —

22       (1)    a recital that the signatory has read and understands this Order and
23       will abide by it;

24       (2)    a recital that the signatory understands that unauthorized
25       disclosures of stamped confidential documents and their substance constitute
26       contempt of court; and

27 ///
28

- 3 -

16501005.2

(3) a statement that the signatory consents to the exercise of personal jurisdiction by this Court for purposes of enforcing this Order.

c) Each outside consultant or expert retained for the purpose of assisting counsel in this litigation to whom disclosure is made pursuant to paragraph 3(b) above must sign a Confidentiality Agreement, the form of which is attached hereto as **Exhibit A**. That Agreement then must be returned to Plaintiff's counsel who shall retain any such Agreements during the pendency of the litigation and must certify in writing to Zimmer's counsel that (1) a disclosure was made to a consulting expert and (2) the consulting expert signed and returned the Confidentiality Agreement.

d) Before disclosing stamped confidential documents to any person listed in subparagraph 3(a) or 3(b) who is a customer or competitor (including employees or consultants of either) of the party that so designated the document, the party wishing to make such disclosure shall give at least 15 days advance notice in writing to the counsel who designated such information as confidential, stating the names and addresses of the person(s) to whom the disclosure will be made, identifying with particularity the documents to be disclosed, and stating the purposes of such disclosure. If, within the 15-day period, a motion is filed objecting to the proposed disclosure, the disclosure shall not be made unless and until the Court has denied such motion. The Court will deny the motion unless the objecting party shows good cause why the proposed disclosure should not be permitted.

(1) As used in this paragraph 3(d), the term "customer" means any direct purchaser of products from any defendant, or any regular indirect purchaser of defendants. The term "customer" is not meant to include physicians.

(2) As used in this paragraph 3(d), the term "competitor" means any manufacturer or seller of medical devices.

4. Each person executing the Confidentiality Agreement submits to the jurisdiction of this Court for the purposes of enforcement of this Order, either prior to or following the

- 4 -

16501005.2

completion of this action. Jurisdiction of this action is to be retained by this Court after final determination for purposes of enabling any party or persons affected by this Order to apply to the Court at any time for such direction or further decree as may be appropriate for the construction or enforcement of this Order or for such additional relief as may become appropriate.

5. Nothing in this Order shall preclude the disclosure by a party of stamped confidential documents that it has produced.

6. Nothing in this Order shall preclude the disclosure by any party of publicly available documents or information.

7. Stamped confidential documents included as part of any pleading or memorandum shall be filed according to this Court's Local Rule 10-5.

8. Persons with knowledge may be deposed regarding stamped confidential documents or the subject matter thereof. Only the parties and persons described in paragraph 3, including the court reporter and the witness, shall be present at such depositions. Transcripts of said depositions shall be treated as stamped confidential documents in accordance with this Order.

9. If, at the time of trial, counsel for any of the parties attempts to introduce into evidence or use in cross-examination any stamped confidential documents, whether as part of a document or deposition testimony, counsel for either party may request the Court to preserve the confidentiality of that stamped confidential document as the Court deems appropriate.

10. In the event that another party disagrees with a party's designation of any document or information as confidential, the objecting party shall advise counsel for the designating party, in writing, of the objection and identify the document or item with sufficient specificity to permit identification. Within 20 days of receiving the objection, the designating party shall advise the objecting party's counsel whether the designating party will change the designation of the document or item. If this cannot be resolved between the parties, then the dispute will be presented to the Court by motion or otherwise. During the pendency of any such motion, the designated document or item shall continue to be treated as a stamped confidential

- 5 -

16501005.2

1  document and subject to the provisions of this Order.  On the hearing of any such motion, the
2  burden shall be on the designating party to establish that the designated document or item should
3  be deemed confidential.

4      11.    If another court or an administrative agency subpoenas or orders production of
5  stamped confidential documents that a party has obtained under the terms of this Order, such
6  party shall promptly notify the party or other person who designated the document as confidential
7  of such subpoena, order or other legal process.

8      12.    If a producing party inadvertently or unintentionally produces to a receiving party
9  any document or information without marking it as a stamped confidential document pursuant to
10 paragraph 1, the producing party shall, within 30 days of the discovery of the inadvertent
11 production, give notice to the receiving party in writing and thereafter the receiving party shall
12 treat the document as a stamped confidential document.  Such inadvertent or unintentional
13 disclosure shall not be deemed a waiver in whole or in part of the producing party's claim of
14 restriction either as to specific documents and information disclosed or on the same or related
15 subject matter.

16     13.    If a producing party inadvertently or unintentionally produces to a receiving party
17 any documents or information subject to a claim of privilege or immunity from discovery
18 (including but not limited to attorney-client privilege, work product immunity, and immunities
19 created by federal or state statute or regulation), the producing party shall, within 30 days of the
20 discovery of the inadvertent production, give notice to the receiving party in writing of the
21 producing party's claim of privilege or immunity from discovery.  Thereafter, the receiving party
22 shall immediately return to the producing party the original and all copies of the restricted
23 materials, including copies of the restricted materials disseminated to other persons by the
24 receiving party.  The receiving party will be deemed to have notice that material is restricted if
25 the party reasonably should recognize the material is privileged or protected from discovery, or
26 upon written notice by the producing party.  Such inadvertent or unintentional disclosure shall not
27 be deemed a waiver in whole or in part of the producing party's claim of privilege or immunity
28

- 6 -

16501005.2

from discovery either as to specific documents and information disclosed or on the same or related subject matter. In the event that the receiving party disagrees with the producing party's claim of privilege or immunity from discovery, then the receiving party shall notify the producing party within five (5) business days of receipt of the producing party's written notice of claim of privilege, and shall set forth the precise grounds upon which the receiving party's position rests. If the parties cannot resolve the matter, then the dispute will be presented to the Court by motion or otherwise. During the pendency of any such motion, the receiving party shall not copy, distribute, or otherwise use in any manner the disputed documents or information, and shall instruct all persons to whom the receiving party has disseminated a copy of the documents or information that the documents or information are subject to this Order and may not be copied, distributed, or otherwise used pending the motion and further notice from the Court.

14. The provisions of this Order shall not terminate at the conclusion of this lawsuit. Within 90 days after final conclusion of all aspects of this litigation, stamped confidential documents and all copies of same (other than exhibits of record) either shall be destroyed or returned to the producing party. In the event that stamped confidential documents are produced in electronic form, or are put into electronic form by the receiving party with the consent of the providing party, then the receiving party shall delete all electronic copies of stamped confidential documents from all computer systems, disks, and other electronic medium and devices. All counsel of record shall make certification of compliance herewith and shall deliver the same to counsel for the party who produced the documents not more than 120 days after final termination of this litigation.

15. The attorneys of record are responsible for employing reasonable measures to control and record, consistent with this Order, duplication of, access to, and distribution of stamped confidential documents, including abstracts and summaries thereof. No duplications of stamped confidential documents shall be made except by counsel to provide working copies and for filing in Court under seal pursuant to paragraph 7.

///

- 7 -

16501005.2

1  16. The Clerk may return to counsel or destroy any stamped confidential documents in its possession.

17. It is expressly understood by and between the parties that in granting access to or producing stamped confidential documents in this litigation, Zimmer shall be relying upon the terms and conditions of this Order.

18. If, in the event that any stamped confidential document or the information contained therein is included with, or the contents thereof are in any way disclosed, in any pleading, motion, deposition transcript or other paper filed with the Clerk of any Court, the producing party will have the opportunity to request the Court to preserve the confidentiality of that stamped confidential document as the Court deems appropriate, consistent with the Ninth Circuit's opinion in *Kamakana v. City and County of Honolulu*, 447 F.3d 1172, 1178-79 (9th Cir. 2006). Until the Court makes a determination on the preservation of confidentiality, such protected documents and information shall be filed under seal and maintained under seal by the Clerk until further order of this Court. The use of any protected document or of the information contained therein and any testimony associated with the protected information contained therein could be held in camera, if the Court deems it necessary, to prevent disclosure to nonparties, or otherwise under such circumstances as will prevent the inadvertent disclosure of such documents and information, unless the Court orders otherwise upon good cause shown. This paragraph shall

/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /

- 8 -

16501005.2

1  not apply with respect to documents admitted into evidence as exhibits at the trial of this matter.

2  The producing party reserves the right, however, to petition the Court for protection with respect

3  to such documents admitted into evidence as exhibits at trial.

4      Respectfully submitted this ___31st___ day of January, 2013.

5    SNELL & WILMER L.L.P.                 BRADLEY, DRENDEL & JEANNEY

7  By:  /s/ Jay J. Schuttert           By:  /s/ Mark Wenzel
     Vaughn A. Crawford, Esq.               Mark Wenzel, Esq.
     Jay J. Schuttert, Eq.                      P.O. Box 1987
     Justin S. Hepworth, Esq.                Reno, NV 89505
     3883 Howard Hughes Pkwy., Ste. 1100
     Las Vegas, NV 89169                   Attorneys for Plaintiff
                                       James Milligan
     Attorneys for Defendants
     Zimmer Holdings, Inc., Zimmer, Inc.,
     and Zimmer Orthopaedic Surgical
     Products, Inc.

**ORDER**

IT IS SO ORDERED.

DATED this 4th day of February, 2013.

                                   _____
                                   UNITED STATES MAGISTRATE JUDGE

- 9 -

16501005.2

# EXHIBIT A

## UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| JAMES MILLIGAN,<br><br>　　　　　　Plaintiff,<br><br>v.<br><br>ZIMMER HOLDINGS, INC., a foreign corporation; ZIMMER, INC., a foreign corporation; ZIMMER ORTHOPAEDIC SURGICAL PRODUCTS, INC., a foreign corporation; ABC CORPORATIONS I-X; and JOHN DOES I-X, inclusive,<br><br>　　　　　　Defendants. | Case No.: 3:12-cv-00518-LRH-WGC |

　　　1.　　I acknowledge that I am about to receive confidential information supplied by defendants Zimmer Holdings, Inc., Zimmer, Inc., and Zimmer Orthopaedic Surgical Products, Inc. (collectively "Defendants").

　　　2.　　I have read the Protective Order governing the restricted use of confidential information in this litigation, a copy of which order has been provided to me. I understand the Protective Order and agree to abide by it.

　　　3.　　I will not utilize any stamped confidential document or other information subject to the Protective Order for any purpose other than this litigation. I further affirm that I will not reveal the confidential information to, nor discuss it with, anyone, except in accordance with the terms of the Protective Order.

　　　4.　　I understand unauthorized disclosures of stamped confidential documents or their substance constitute contempt of court.

　　　5.　　At the termination of this litigation, I will return all documents marked "Confidential," or "For Counsel Only," or "Attorneys' Eyes Only," as well as any copies, summaries or abstracts of them, and documents related to them, whether in hard copy, electronic, or digitized format, to the attorney providing confidential materials to me.

16501005.2

6. I submit to the jurisdiction of the United States District Court, District Of Nevada, as necessary to enforce the provisions of the Protective Order.

Dated:_____

_____
Signature

_____
Printed Name

_____
Address

_____
City, State, Zip

_____
Telephone Number

Snell & Wilmer
L.L.P.
LAW OFFICES
3883 Howard Hughes Parkway, Suite 1100
Las Vegas, Nevada 89169
702.784.5200

- 2 -

16501005.2